# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

AFSHIN ISLAM-KHAAR BAHRAMPOUR,

    Petitioner,

vs.

SHERIFF LOMBARDO,

    Respondents.

Case No. 2:17-cv-01862-RFB-VCF

**ORDER**

Petitioner, who is a pre-trial detainee facing charges in the Eighth Judicial District Court of the State of Nevada, has filed an application to proceed in forma pauperis (ECF No. 1) and a petition for a writ of habeas corpus under 28 U.S.C. § 2241. The court finds that petitioner is unable to pay the filing fee. The court has reviewed the petition. The court dismisses the action because the petition is clearly without merit. See 28 U.S.C. § 2243.

Petitioner alleges that he is not receiving halal meals. This allegation is a matter of the conditions of petitioner's confinement, not the validity of petitioner's confinement. "Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement. A civil rights action, in contrast, is the proper method of challenging 'conditions of . . . confinement.'" Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 484, 498-99 (1973)). Petitioner needs to present this claim in a civil rights action pursuant to 42 U.S.C. § 1983.

The remainder of petitioner's allegations are that he could not have the mens rea needed for the crimes with which he is charged because the Department of Defense is controlling his brain

through GPS. The court could rule that it should abstain from considering petitioner's claims because he is facing criminal charges in state court, but that would assume that petitioner's claims are cogent, and they are not. Petitioner's remaining allegations are completely fantastic, and the court will not consider them further.[1]

Reasonable jurists would not find the court's conclusions to be debatable or wrong, and the court will not issue a certificate of appealability.

IT IS THEREFORE ORDERED that the application to proceed in forma pauperis (ECF No. 1) is **GRANTED**. Petitioner need not pay the filing fee of five dollars ($5.00).

IT IS FURTHER ORDERED that the clerk of the court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

IT IS FURTHER ORDERED that this action is **DISMISSED**. The clerk of the court shall enter judgment accordingly and close this action.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

DATED: January 9, 2018.

_____
RICHARD F. BOULWARE, II
United States District Judge

---

[1] It appears that the state district court is considering whether petitioner is competent. See State v. Bahrampour, Case No. C-17-323693-1. https://www.clarkcountycourts.us/portal (report generated October 16, 2017).